259 3



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Murphy Cole
County Auditor
Liberty County
Liberty, Texas

Dear Sir!

Opinion No. O-4459
Re: Are the properties acquired
under the facts set forth
subject to ad valorem taxes,
to the State, county, munic-
ipality or any other politi-
cal subdivision?

Your letter of February 28, 1942, submits for
our opinion the following question, which we quote there-
from:

"You are advised that Miss Lettie Kersting
(deceased) made a will prior to her death in
1941, whereby her entire estate was given to
Liberty County for the endowment of a county
hospital, when, as and if such hospital is es-
tablished by the county--or in the event the
properties shall become sufficiently valuable
such properties may be converted into cash and
the proceeds used for the construction of a
county hospital.

"Quoting from the will and deed: 'Such prop-
erty shall remain the property of the County of
Liberty, and shall be under the control and di-
rection of the County Judge and Commissioners'
Court of Liberty County so long as the County of
Liberty maintains and operates a charitable hos-
pital for the purpose of treating the sick people
of Liberty County who are without financial means
to pay for such services'. * * * 'TO HAVE AND TO
HOLD the above described property, upon the con-
ditions and with the reservations above set out
unto the County of Liberty, so long as the same

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Murphy Cole, Page 2

is used in accordance with the terms and conditions above set out, and I do hereby bind myself, my heirs, executors and administrators, to Warrant and Forever Defend all and singular the said premises unto the said Liberty County, against every person whomsoever lawfully claiming, or to claim the same or any part thereof'.

"The will above mentioned, and a deed which is quoted from above, conveys several tracts of real estate, including acreage properties, residence properties, and commercial properties in Liberty and Chambers Counties.

"Both the will and the deed state that the revenues from such properties may be used for re-investment, repairs, construction of rental properties, or construction of hospital facilities, and/or maintenance and aid in operation of any county hospital which may be established. The principal however may be used only for permanent construction of a hospital building.

"In other words, it is our interpretation that the County has inherited a number of properties which may be used for the purpose of erection and aid in maintaining, or the endowment of a hospital or medical and treatment center.

"Your opinion is sought as to whether or not the properties so conveyed are subject to ad valorem taxes to the State, County, or any other political subdivision or municipality.

"Miss Kersting died November 23, 1941, and on such date there were taxes already past due; and therefore I should like for your ruling to include the subject of taxation both before and after such date, which is the date that title passed to the county."

Article VIII, Section 2, Constitution of Texas, provides, in part, that "the Legislature may, by general laws, exempt from taxation public property used for public purposes."

Honorable Murphy Cole, Page 3

Article XI, Section 9, Constitution of Texas, provides as follows:

"The property of counties, cities and towns, owned and held only for public purposes, such as public buildings and the sites therefor, Fire engines and the furniture thereof, and all property used, or intended for extinguishing fires, public grounds and all other property devoted exclusively to the use and benefit of the public shall be exempt from forced sale and from taxation, provided, nothing herein shall prevent the enforcement of the vendors lien, the mechanics or builders lien, or other liens now existing."

Pursuant to the above constitutional provisions the Legislature of Texas recognized the following exemption from taxation, which we quote, in part, from Article 7150, Vernon's Texas Civil Statutes:

"The following property shall be exempt from taxation, to-wit:

"* * *

"Public property. - All property whether real or personal, belonging exclusively to this State, or any political subdivision thereof, or the United States, * * *."

It is apparent from an examination of the quoted terms of the last will and testament of Miss Yettie Kersting, devising the property in question, and of the habendum clause of the deed conveying such property, also quoted, that Liberty County on and after the 23rd day of November, 1941, became the owner of such properties, and they were devoted to a public purpose, within the contemplation and purview of the constitutional and statutory provisions above adverted to, so as to be exempt from ad valorem taxes.

However, this exempt status would not operate retroactively to confer any exemption from ad valorem taxes upon the owner or owners of this real estate which might already have accrued and become delinquent for prior years, unless, of course, the then owners were entitled to exemption from ad valorem taxes under other pertinent provisions of the Constitution and statutes. Inasmuch as you do not point to any such status, we assume that none exists in answering that

Honorable Murphy Cole, Page 4

the owner or owners of this realty, prior to November 23, 1941, when title was cast upon the County of Liberty, would be liable for ad valorem taxes accruing, under controlling statutes, as of January 1, 1941, for said year, and for all delinquent taxes of prior years; but ad valorem taxes thereon for the year 1942 and subsequent years would not be due and collectible from the County of Liberty, so long as the conditions obtain which would maintain the title to such property in Liberty County under the devise and conveyance referred to.

Trusting the foregoing fully answers your inquiries, we are

APPROVED MAR 21, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Pat M. Neff, Jr.
Assistant

PMN:LM


APPROVED
OPINION
COMMITTEE
BY BWT
CHAIRMAN